## NELSON CARNEY v. STATE.

No. A-1947.   Opinion Filed February 28, 1914.

(138 Pac. 1042.)

1. **APPEAL—Verdict—Evidence.** Where the jury finds a verdict of guilty, which is approved by the trial court, and there is evidence in the record to sustain the verdict, it will not be set aside, in the absence of prejudicial error.

2. **LARCENY—Sufficiency of Evidence.** In a prosecution for the larceny of a domestic animal, the evidence examined and held sufficient to sustain the verdict, and that no reversible error was committed upon the trial.

*Appeal from District Court, Latimer County;*
*W. H. Brown, Judge.*

Nelson Carney was convicted of the larceny of a domestic animal, and appeals. Affirmed.

*G. B. Mitchell* and *C. A. Phillips,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty Gen., for the State.

DOYLE, J. The plaintiff in error was tried and convicted upon an information which charged the larceny of one bay mare, and, in accordance with the verdict of the jury, he was sentenced to be imprisoned in the penitentiary for a period of five years.

From the judgment of conviction, he appealed by filing in this court on March 22, 1913, a petition in error with case-made.

The Attorney General has filed a motion to strike from the record the case-made herein for the reason: That, when the second order extending the time to make and serve a case-made was made, the court or judge thereof was without jurisdiction to make said order, in that the time originally granted by the order of the court had expired. The certificate of the trial judge recites: "This is to certify that the foregoing above case-made and the amendments thereto have been duly served in due time," etc. Thus it appears that the orders extending the time for making and serving case-made were in addition to the statutory time of fifteen days, as provided by section 5242, Rev. Laws 1910. See *Monaghan v. State, ante,* 134 Pac. 77, 46 L. R. A. (N. S.) 1149. The motion to strike is therefore overruled.

No brief has been filed and no appearance made in this court on behalf of plaintiff in error. For this reason, we do not consider it the duty of this court to make a careful examination of the transcript to determine whether or not the trial court erred in its rulings on the admission or rejection of testimony. No exception was taken to the sufficiency of the information, and the court submitted the case to the jury by a perfectly fair charge, to which no exception was taken.

The proof on the part of the state tended to show that the defendant took the horse in question from the range and placed his brand upon it and later traded the horse to another party. As a witness in his own behalf, his explanation was that he took possession of the property believing that it was the property of another person who had traded it to him.

The guilt or innocence of the defendant was therefore peculiarly within the province of the jury, and, when the jury finds a verdict of guilty, which is approved by the trial court, and there is evidence in the record to sustain the verdict, it will not be set aside, in the absence of prejudicial error. Upon the whole case, we are of opinion that the defendant had a fair trial.

The judgment of conviction is therefore affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.